# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

PAUL ROBERT STANDIFER, JR., et al.,

    Plaintiffs,

v.

DEPARTMENT OF LAW ALASKA, et al.,

    Defendants.

Case No. 3:23-cv-00170-SLG

## SCREENING ORDER

On July 26, 2023, self-represented prisoner Paul Robert Standifer, Jr. ("Plaintiff") filed a civil rights complaint ("Complaint"), a civil cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff alleges the Anchorage Police Department for the Municipality of Anchorage, the Alaska Department of Law, the Alaska Department of Public Safety, and the Alaska Office of Childrens Services ("Defendants") violated the constitutional rights of Plaintiff and Plaintiff's children. Plaintiff claims Defendants failed to protect him and his children from acts of domestic violence, grand larceny, and bank fraud; and violated his due process and equal protection rights.[2] For relief, Plaintiff seeks an order requiring

---

[1] Dockets 1-2.

[2] Docket 1.

defendants to "uphold [his] constitutional rights" and to pay "$250,000 for each plaintiff times the number of crimes involved."[3]

With his complaint, Plaintiff included a handwritten timeline summarizing his account of events that allegedly occurred throughout the divorce and custody proceedings between Plaintiff and his ex-wife Stella[4]; written complaints he wrote to Defendants informing them of alleged assault, conspiracy and extortion, and other crimes[5]; and several affidavits which appear to have been filed in state court.[6] The Court takes judicial notice[7] of Plaintiff's state court cases to the extent they are relevant herein.[8]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or

---

[3] Docket 1 at 6.

[4] Docket 4-1 at 1.

[5] Docket 4-1 at 3–4, 6–8, and 10–13.

[6] Docket 4-1 at 2, 5, and 9.

[7] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[8] Plaintiff listed Case Nos. 3AN-19-06332CI, 3AN-22-00281CN, and 3AN-22-0601CR in his exhibits. Publicly available docket records of the Alaska Trial Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

Case No. 3:23-cv-00170-SLG, *Standifer, et al., v. Department of Law Alaska, et al.*
Screening Order
Page 2 of 18
Case 3:23-cv-00170-SLG   Document 7   Filed 12/01/23   Page 2 of 18

officer or employee of a governmental entity.[9] In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[10]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[11] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[12]

## DISCUSSION

### I. Plaintiff May Not Bring Claims on Behalf of his Children

A self-represented litigant may only represent only his own interests.[13] A non-attorney parent cannot bring an action on behalf of a minor child without

---

[9] 28 U.S.C. §§ 1915, 1915A.

[10] 28 U.S.C. § 1915(e)(2)(B).

[11] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[12] See Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

[13] 28 U.S.C. § 1654. *See also Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs).

Case No. 3:23-cv-00170-SLG, *Standifer, et al., v. Department of Law Alaska, et al.*
Screening Order
Page 3 of 18
Case 3:23-cv-00170-SLG   Document 7   Filed 12/01/23   Page 3 of 18

retaining an attorney.[14]  Accordingly, Plaintiff's claims on behalf of his children must be dismissed.  However, to protect the rights of the children, the claims on behalf of Plaintiff's children are DISMISSED without prejudice.

## II. Requirements to State a Claim

To determine whether a complaint states a valid claim on which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[15]  In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[16]  Factual allegations must not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[18]  While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me

---

[14] *Johns v. Cnty. of San Diego,* 114 F.3d 874, 877 (9th Cir. 1997) (parent or guardian cannot bring suit on behalf of minor child).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[16] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[17] *Ashcroft*, 556 U.S. at 678.

[18] Fed. R. Civ. P. 8(a)(2).

Case No. 3:23-cv-00170-SLG, *Standifer, et al., v. Department of Law Alaska, et al.*
Screening Order
Page 4 of 18
Case 3:23-cv-00170-SLG   Document 7   Filed 12/01/23   Page 4 of 18

accusation[s]" are insufficient to state a claim.[19] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[20]

### III. Civil Rights Actions

To state a claim for relief under 42 U.S.C. § 1983 ("Section 1983"), a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[21] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[22] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[23] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[24]

#### A. Defendants in Civil Rights Actions

A defendant in a civil rights lawsuit must be a "person."[25] A person acting under the color of state law " 'subjects' another to the deprivation of a constitutional

---

[19] *Id.*

[20] *Id.* (internal citations and quotations omitted).

[21] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[22] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[23] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[24] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[25] 42 U.S.C. § 1983.

Case No. 3:23-cv-00170-SLG, *Standifer, et al., v. Department of Law Alaska, et al.*
Screening Order
Page 5 of 18
Case 3:23-cv-00170-SLG   Document 7   Filed 12/01/23   Page 5 of 18

right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[26] A person who acted under color of state law and caused a violation of federal rights may be sued in either an "individual" or "official" capacity. A defendant sued in his individual capacity may be held liable for monetary damages.[27] But a defendant sued in his official capacity may not be sued for damages, only for injunctive relief.[28] A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.[29]

### 1. State Agencies

The Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the state or agency agrees to waive its immunity.[30] Further, the State of Alaska and state agencies are not considered "persons" under Section 1983.[31] Therefore,

---

[26] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[27] *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).

[28] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).

[29] *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[30] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

[31] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that the term "person" as used in § 1983 did not include a State or State agency).

Case No. 3:23-cv-00170-SLG, *Standifer, et al., v. Department of Law Alaska, et al.*
Screening Order
Page 6 of 18
Case 3:23-cv-00170-SLG   Document 7   Filed 12/01/23   Page 6 of 18

Plaintiff cannot maintain a Section 1983 claim in federal court against the Department of Law, the Department of Public Safety, or the Office of Childrens Services, as these are all agencies of the State of Alaska.

Further, although Plaintiff wrote "Alaska State Trooper Officers" in his Complaint[32], he did not name a particular individual or allege an affirmative link between an injury and the conduct of that of a specific defendant. Therefore, Plaintiff has not stated a plausible claim against any Alaska State Trooper.

### 2. Anchorage Police Department and the Municipality of Anchorage

A municipal police department is also not a "person" within the meaning of Section 1983. However, a municipality, such as the Municipality of Anchorage, is a "person" for purposes of Section 1983 and may be sued.[33] However, to state a claim against a municipality under Section 1983, a plaintiff must allege facts that, if proven, would establish that his constitutional rights were violated pursuant to a policy or custom of the municipality.[34] Thus, a municipality may not be sued under Section 1983 solely because an injury was inflicted by one of its employees, including its police officers.[35] Rather, a Section 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that

---

[32] Docket 1 at 4.

[33] *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978).

[34] *Cortez v. County of Los Angeles,* 294 F.3d 1186, 1188 (9th Cir. 2001) (citing *Monell,* 436 U.S. at 690–91).

[35] *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006).

the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.[36]

The Anchorage Police Department is not a proper defendant. To the extent Plaintiff is suing the Municipality of Anchorage, he fails to allege facts to support that the Municipality of Anchorage maintained a policy or custom that resulted in the violation of Plaintiff's federal constitutional rights or to explain how his injuries were caused by any municipal policy or custom. Accordingly, the Complaint fails to state a claim against the Anchorage Police Department or the Municipality of Anchorage.

### B. Prosecutors at the Alaska Department of Law

As noted above, the Eleventh Amendment precludes Plaintiff from maintaining a Section 1983 claim against the Alaska Department of Law. Further, prosecutorial immunity protects government attorneys when they are acting pursuant to their role as an advocate for the state performing functions "intimately associated with the judicial phase of the criminal process."[37] A prosecutor's absolute immunity extends to the decision whether to initiate a prosecution.[38]

---

[36] *Sadoski v. Mosley,* 435 F.3d 1076, 1080 (9th Cir.2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

[37] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

[38] *Id.*

Case No. 3:23-cv-00170-SLG, *Standifer, et al., v. Department of Law Alaska, et al.*
Screening Order
Page 8 of 18
Case 3:23-cv-00170-SLG   Document 7   Filed 12/01/23   Page 8 of 18

Therefore, Plaintiff cannot maintain a claim against the Alaska Department of Law or any specific prosecuting attorney.

### C. Plaintiff's Claims Against the Office of Children's Services and the Department of Public Safety

As noted above, Plaintiff cannot maintain claims against these state agencies. However, the Court will give Plaintiff leave to file an amended complaint to accord to him an opportunity to identify specific state actors against whom he can state a plausible claim for relief.

#### 1. Due Process under the Fourteenth Amendment

The Due Process Clause provides, "No State shall ... deprive any person of life, liberty, or property, without due process of law."[39] The Due Process Clause is a limitation on state action rather than a guarantee of minimum levels of state protections.[40] Under the Fourteenth Amendment, a person has the constitutional right to be free from a government employee affirmatively placing that person in a position of actual, particularized danger (or in a situation of actual, particularized danger that is more dangerous than the position that the person already faced) if the government employee acted with deliberate indifference to a known or obvious danger.[41] However, a state actor's failure to act to protect an individual from private violence does not deprive an individual of due process, except in narrow

---

[39] U.S. Const. amend. XIV, § 1.

[40] *Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019).

[41] *See Hernandez v. City of San Jose*, 897 F.3d 1125, 1133-35 (9th Cir. 2018); *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061-65 (9th Cir. 2006).

Case No. 3:23-cv-00170-SLG, *Standifer, et al., v. Department of Law Alaska, et al.*
Screening Order
Page 9 of 18
Case 3:23-cv-00170-SLG   Document 7   Filed 12/01/23   Page 9 of 18

circumstances.[42] Unless a state actor creates or enhances danger to an individual, the state does not have a constitutional duty to protect him from the private violence.[43]

Parents and children also possess a liberty interest in companionship and society with each other, which is protected by the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.[44] A parent may bring a claim of interference with the parent-child relationship as either a procedural due process claim or a substantive due process claim. Procedural due process claims typically arise when a state official removes a child from a parent's care. Removing a child from a parent's custody violates the Fourteenth Amendment unless the removal (1) is authorized by a court order (typically a warrant); or (2) is supported by "reasonable cause to believe that the child is in imminent danger of serious bodily injury," and the scope of the intrusion does not extend beyond that which is reasonably necessary.[45] Even if the removal is pursuant to a court order, the right to procedural due process may be violated if the court order was obtained through judicial deception, that is, if a plaintiff alleges facts that if proven would demonstrate: "(1) a misrepresentation or omission (2) made deliberately or with a

---

[42] *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,* 489 U.S. 189, 202 (1989).

[43] *Murguia v. Langdon*, 61 F.4th 1096, 1111 (9th Cir. 2023).

[44] *Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987), *overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) (en banc); *Kelson v. City of Springfield,* 767 F.2d 651, 654 (9th Cir. 1985).

[45] *City of Fontana,* 818 F.2d at 1419–20 (quoting *Mabe*, 237 F.3d at 1106).

Case No. 3:23-cv-00170-SLG, *Standifer, et al., v. Department of Law Alaska, et al.*
Screening Order
Page 10 of 18
Case 3:23-cv-00170-SLG   Document 7   Filed 12/01/23   Page 10 of 18

reckless disregard for the truth, that was (3) material to the judicial deception."[46] A "misrepresentation or omission is material if a court would have declined to issue the order had [the defendant] been truthful."[47] The "mere threat of separation" is insufficient to give rise to a Fourteenth Amendment claim "based on a minor being separated from his or her parents."[48]

Substantive due process claims typically involve egregious conduct; as official conduct only violates substantive due process when it "shocks the conscience."[49] Under the overarching test of whether the official's conduct "shocks the conscience" are two standards: the more demanding "purpose to harm" standard and the lesser "deliberate indifference" standard.[50] To determine which of the two standards govern, courts look at the context of the events leading to the deprivation.[51] A social worker may violate a parent's right to substantive due process by deliberately fabricating evidence during an investigation or making false statements under penalty of perjury in a dependency proceeding.[52] However,

---

[46] *David v. Kaulukukui*, 38 F.4th 792 (9th Cir. 2022).

[47] *Id.*

[48] *Dees v. County of San Diego*, 960 F.3d 1145, 1152 (9th Cir. 2020).

[49] *Gantt v. City of Los Angeles*, 717 F.3d 702, 707 (9th Cir. 2013) (citing *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010)).

[50] *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).

[51] *Id.*

[52] See *Hardwick v. Vreeken*, 844 F.3d 1112, 1117 (9th Cir. 2017) (denying social workers' motion for summary judgment based on absolute and qualified immunity in § 1983 action alleging that social workers violated her Fourth and Fourteenth Amendment rights by using perjured testimony and fabricated evidence in juvenile dependency proceedings that resulted in mother losing custody of child).

Case No. 3:23-cv-00170-SLG, *Standifer, et al., v. Department of Law Alaska, et al.*
Screening Order
Page 11 of 18
Case 3:23-cv-00170-SLG   Document 7   Filed 12/01/23   Page 11 of 18

"mere negligence or lack of due care by state officials in the conduct of their duties does not trigger the substantive due process protections of the Fourteenth Amendment and therefore does not state a claim under section 1983."[53] Additionally, the doctrine of qualified immunity shields social workers from liability for conduct that resulted from " 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.' "[54]

Plaintiff's Complaint does not contain plausible facts that, if proven, would establish that a state actor had a constitutional duty to protect him or his children from private violence, or facts to support a claim that a state actor interfered with his parent-child relationship. Therefore, Plaintiff has not stated a plausible claim for a violation of due process under the Fourteenth Amendment.

### D. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that all persons who are similarly situated be treated alike.[55] To state a colorable equal-protection claim, a plaintiff must allege facts sufficient to show that a particular defendant intentionally discriminated against him because of his membership in a protected class and that plaintiff was treated differently from persons similarly

---

[53] *Woodrum*, 866 F.2d at 1126 (citing *Daniels v. Williams*, 474 U.S. 327, 330–32 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986)).

[54] *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting)).

[55] *Lee v. City of Los Angeles,* 250 F.3d 668, 686 (9th Cir. 2001).

Case No. 3:23-cv-00170-SLG, *Standifer, et al., v. Department of Law Alaska, et al.*
Screening Order
Page 12 of 18
Case 3:23-cv-00170-SLG   Document 7   Filed 12/01/23   Page 12 of 18

situated.⁵⁶ Because Plaintiff has not alleged facts to support a finding of discrimination based on his membership in a protected class, Plaintiff fails to state a claim for violation of the Equal Protection Clause.

## MOTION TO APPOINT COUNSEL

A litigant has no federal right to an appointed attorney in a civil action.⁵⁷ Pursuant to 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel." However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary. In order to request counsel,

> [a] district court must determine whether a) there is a likelihood of success on the merits; and b) the [litigant] is unable to articulate his claims in light of the complexity of the legal issues involved. None of these factors is dispositive; rather they must be considered cumulatively.⁵⁸

Without these factors, there are no "exceptional circumstances" under which the Court may request counsel for a civil litigant pursuant to 28 U.S.C. § 1915(e)(1).⁵⁹ The Court finds that on the current record, Plaintiff has not demonstrated a likelihood of success on the merits. Further, it appears that Plaintiff might be able to adequately articulate his claims, even if those claims are

---

⁵⁶ *Harrison v. Kernan,* 971 F.3d 1069 (9th Cir. 2020); Duke v. City College of San Francisco

⁵⁷ *See Turner v. Rogers*, 564 U.S. 431, 441, 131 S.Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

⁵⁸ *Cano v. Taylor,* 739 F.3d 1214, 1218 (9th Cir. 2014) (citing *Palmer*, 560 F.3d at 970).

⁵⁹ *Id*.; *Palmer*, 560 F.3d at 970 ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (citations omitted).

Case No. 3:23-cv-00170-SLG, *Standifer, et al., v. Department of Law Alaska, et al.*
Screening Order
Page 13 of 18
Case 3:23-cv-00170-SLG   Document 7   Filed 12/01/23   Page 13 of 18

not viable causes of action under Section 1983. Further, although Section 1915(e)(1) permits a court to request a volunteer attorney, this Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff. If a volunteer attorney comes forward to accept this case, the Court may appoint counsel at that time. For these reasons, Plaintiff's motion for court-appointed counsel at Docket 4 is **DENIED without prejudice.**

## CONCLUSION

Plaintiff is accorded 30 days from the date of this order to file an amended complaint. An amended complaint replaces the prior complaint in its entirety.[60] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[61] An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. An amended complaint should not contain a narrative and it should not contain or have attached to it medical records or other documentation.

Although Plaintiff has been given the opportunity to amend, he shall not

---

[60] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[61] Fed. R. Civ. P. 8(a)(2).

Case No. 3:23-cv-00170-SLG, *Standifer, et al., v. Department of Law Alaska, et al.*
Screening Order
Page 14 of 18
Case 3:23-cv-00170-SLG   Document 7   Filed 12/01/23   Page 14 of 18

unjustifiably expand the scope of the case by alleging new unrelated claims or parties in the amended complaint.[62] Any amended complaint may not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that a plaintiff is alleging has occurred to him, (2) when that injury occurred, (3) where that injury was caused, and (4) who he is alleging caused that specific injury to him.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at Docket 1 is **DISMISSED** for failing to state a claim upon which relief could be granted. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. The claims on behalf of Plaintiff's children are **DISMISSED without prejudice**. The Clerk shall terminate A.L.F.S., P.R.O.S. Jr., J.S.O.S., and C.M.C.H.S. as plaintiffs and update the case caption to reflect Paul Robert Standifer, Jr. as the sole plaintiff in this action.

3. Plaintiff's motion for court-appointed counsel at **Docket 4 is DENIED without prejudice.**

4. Plaintiff is accorded **30 days** from the date of this order to file **one of the following**:

---

[62] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:23-cv-00170-SLG, *Standifer, et al., v. Department of Law Alaska, et al.*
Screening Order
Page 15 of 18
Case 3:23-cv-00170-SLG   Document 7   Filed 12/01/23   Page 15 of 18

A. <u>First Amended Complaint</u>, in which Plaintiff restates his claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; **OR**

B. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

5. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form **within 30 days,** this case may be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.[63] This dismissal would count as a "strike" against Plaintiff under § 1915(g).[64] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

6. Plaintiff's motion to waive prepayment of the filing fee at **Docket 2 is GRANTED.** Plaintiff is advised federal law only allows prisoners to waive prepayment of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[65] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an

---

[63] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that a dismissal counts as a strike when the district court dismisses a complaint for a failure to state a claim, grants leave to amend, and the plaintiff fails to amend the complaint).

[64] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

[65] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 3:23-cv-00170-SLG, *Standifer, et al., v. Department of Law Alaska, et al.*
Screening Order
Page 16 of 18
Case 3:23-cv-00170-SLG   Document 7   Filed 12/01/23   Page 16 of 18

amended complaint, the Court will issue a separate order on the collection of the filing fee.

7. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[66] Failure to comply may result in dismissal of this action.

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[67] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

9. Self-represented litigants must be ready to diligently pursue the case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of this action.

10. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[68] The Notice shall not include requests for any other relief.

---

[66] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[67] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[68] See Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-

Case No. 3:23-cv-00170-SLG, *Standifer, et al., v. Department of Law Alaska, et al.*
Screening Order
Page 17 of 18
Case 3:23-cv-00170-SLG   Document 7   Filed 12/01/23   Page 17 of 18

A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

11. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 1st day of December, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00170-SLG, *Standifer, et al., v. Department of Law Alaska, et al.*
Screening Order
Page 18 of 18
Case 3:23-cv-00170-SLG   Document 7   Filed 12/01/23   Page 18 of 18