# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

PAUL ROBERT STANDIFER, JR., et al.,

    Plaintiffs,

v.

DEPARTMENT OF LAW ALASKA, et al.,

    Defendants.

Case No. 3:23-cv-00170-SLG

## ORDER OF DISMISSAL

On July 26, 2023, self-represented prisoner Paul Robert Standifer, Jr. ("Plaintiff") filed a civil rights complaint ("Complaint"), a civil cover sheet, and an application to waive prepayment of the filing fee.[1] The Court screened the Complaint, found it to be deficient, but granted Plaintiff leave to file an amended complaint.[2] On December 12, 2023, the Court's Screening Order was returned to the Court as undeliverable.[3] Plaintiff has not contacted the Court regarding this case since August 18, 2023.[4]

---

[1] Dockets 1-2.

[2] Docket 7.

[3] Docket 8.

[4] Dockets 4-5.

The Local Civil Rules require parties to provide current contact information to the Court and all parties.[5] The Court may dismiss an action for failure to comply with a local rule[6] or failure to comply with any order of the Court.[7] Before dismissing a complaint for failure to comply with an order or local rule, courts in the Ninth Circuit must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[8] Though not strictly required, it is "preferred" that a court "make explicit findings in order to show that it has considered these factors."[9]

Having considered these factors, this case must be dismissed. Dismissal without prejudice "minimizes prejudice to a defendant and preserves a plaintiff's

---

[5] *See* Local Civil Rules 11.1(b)(2) (requiring self-represented parties must keep the court and other parties advised of the party's current address and telephone number") and 11.1(b)(3) (allowing the Court to dismiss a case when a self-represented party fails to update their address and any orders or other mail is returned as undeliverable).

[6] *Thompson v. Housing Auth. of L.A.,* 782 F.2d 829, 831 (9th Cir. 1986).

[7] Federal Rule of Civil Procedure 41(b). *See also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

[8] *See Ferdik,* 963 F.2d at 1260–61 (first citing *Thompson v. Housing Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986); and then citing *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)).

[9] *Id.*

Case No. 3:23-cv-00170-SLG, *Standifer, et al., v. Department of Law Alaska, et al.*
Order of Dismissal
Page 2 of 3
Case 3:23-cv-00170-SLG   Document 9   Filed 01/31/24   Page 2 of 3

ability to seek relief."[10]  The Court finds no other lesser sanction to be satisfactory or effective in this case.[11]

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. All pending motions are **DENIED as moot.**

3. The Clerk of Court shall issue a final judgment.

DATED this 31st day of January, 2024.

*/s/  Sharon L, Gleason*
UNITED STATES DISTRICT JUDGE

---

[10] *Alli v. City and County of San Francisco*, 2022 WL 3099222 (N.D. Cal. 2022) (internal citations omitted).

[11] *See, e.g., Henderson,* 779 F.2d at 1424 (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).

Case No. 3:23-cv-00170-SLG, *Standifer, et al., v. Department of Law Alaska, et al.*
Order of Dismissal
Page 3 of 3
Case 3:23-cv-00170-SLG   Document 9   Filed 01/31/24   Page 3 of 3